18259—The City of Cleveland v. The Legal News Publishing Co.; error to Cuyahoga Appeals. Judgment reversed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

18254—The Board of Education of the City School District, City of Cleveland, v. Oscar Juergens. Error to the Court of Appeals of Cuyahoga County. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

18260—The Board of Education of the City School District of the City of Cleveland v. W. J. Featherstone. Error to the Court of Appeals of Cuyahoga County. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

18553—The State ex rel Albert R. Zimmerman v. Willis Vickery, Manuel Levine and J. J. Sullivan, Judges of the Court of Appeals of Cuyahoga County. In Mandamus. Alternative writ denied. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

---

## MOTION DOCKET

18418—Meyer Jonasson & Co. v. Charles Feldman. Motion for an order directing Lucas Appeals to certify record. Dismissed by parties.

18424—Ben F. Wyatt et al v. C. F. York et al. Motion for an order directing Darke Appeals to certify record.

18425—Patrick Drake et al v. The Columbus, Delaware & Marion Electric Co. Motion for an order directing Marion Appeals to certify record. Overruled.

18426—William H. Slusser v. The Pennsylvania R .R. Co. Motion for an order directing Stark Appeals to certify record. Overruled.

18455—The State of Ohio v. Chris Hooley. Motion for leave to file petition in error to Logan Appeals. Overruled.

# Syllabi of Cases Decided Last Week

No. 329

DAY, J.

---

No. 330

No. 18452—The State ex rel Stanton, Prosecuting Attorney, v. Albert R. Callow et al. In Quo Warranto.

---

No. 331

No. 18259—The City of Cleveland v. The Legal News Publishing Company. Error to the Court of Appeals of Cuyahoga County.

4. ADVERTISING—Newspaper publisher and authtorities not permitted to agree upon a greater than legal rate—Money so illegally paid may be recovered.

JONES, J.

1. The provisions of Section 6251, General Code, do not permit city authorities and a publisher of a newspaper to orally agree for the payment of a greater rate for the publication of advertisements than the sum therein fixed.

2. The payment of sums greater than that fixed by that section, in pursuance of such oral

## OHIO SUPREME COURT—Continued

contract, even though the contract and payment be made without fraud or collusion, does not preclude a recovery under Section 286, General Code, for the excess so illegally paid.

3. A city is not barred from instituting an action for the recovery of money illegally expended, by the minety-day provision of Section 286, General Code.

Judgment reversed.

Marshall, C. J., Robinson, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.